Michael C. Ormsby
United States Attorney
Eastern District of Washington
Tyler H.L. Tornabene
Assistant United States Attorney
Matthew Reiner
Legal Intern
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 28 2012

JAMES R. LARSEN
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,     )
                              )
            Plaintiff,        )   Case No. PO-11-005-CI
                              )
      vs.                     )
                              )   PRE-TRIAL DIVERSION
BRIAN DUNNELL                 )   AGREEMENT
                              )
            Defendant.        )
                              )

Plaintiff United States of America, by and through Michael C. Ormsby, United States Attorney, Tyler H.L. Tornabene, Assistant United States Attorney, and Matthew Reiner, Legal Intern, United States Attorney's Office for the Eastern District of Washington, and Defendant BRIAN DUNNELL, and the Defendant's counsel, Amy H. Rubin, for the Federal Defenders of Eastern Washington and Idaho, agree to the following Pre-Trial Diversion Agreement. The United States and the Defendant agree that the Court should continue the instant case until August 28, 2014, on the charges of:

   Operating a vehicle while under the influence of alcohol in violation of
   38 C.F.R. § 1.218(b)(15)

The United States and the Defendant agree that this case shall be continued until August 28, 2014, and thereafter dismissed with prejudice, provided the Defendant abides by the conditions and requirements herein outlined.

Pre-Trial Diversion Agreement - 1

## FACTUAL BACKGROUND

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts can be used as evidence against the Defendant per the terms of this agreement.

On May 14th, 2011, Sergeant Ian McKinley was patrolling the east parking lots and roads of the VA Medical Center in Spokane, WA. Sergeant McKinley observed a silver Ford Mustang pull into the VA facility and drive west on Memorial Circle. The vehicle drove up behind Sergeant McKinley's vehicle and then made a sharp left turn without the use of a turn signal. Sergeant McKinley then witnessed the vehicle making a three point turn at the intersection of Freedom and Memorial Circle, in doing so the vehicle was facing the wrong direction on a posted one way street. While making the turn the vehicle was braking and accelerating more abruptly than normal. After making the turn Sergeant McKinley followed the vehicle for approximately 50 feet, during that time Sergeant McKinley noticed that the passenger seated in the rear seat on the drivers side was leaning into the center of the vehicle. Sergeant McKinley could not see any seatbelt restraint on the passenger. At this point Sergeant McKinley decided to stop the vehicle based upon the illegal turn and lack of passenger restraint.

Sergeant McKinley approached the vehicle from the drivers side and noticed that the rear passenger was unrestrained. As Sergeant McKinley approached the vehicle he notice the smell of alcohol coming from the vehicle. Sergeant McKinley made contact with the driver, stated his name and asked where the driver was headed. The driver of the vehicle did not respond to the inquiry and Sergeant McKinley asked the question again. Again the driver did not respond, Sergeant McKinley asked for the driver's license. The driver was holding his license in his hand, however he reached over towards the glove box. Sergeant McKinley asked what he was reaching for and the driver did not respond to the question. Once the driver had produced his license he was identified as Brian

Pre-Trial Diversion Agreement - 2

DUNNELL. Sergeant McKinley asked DUNNELL if he was still living at the address listed on his license, DUNNELL did not reply to the question. Sergeant McKinley then noticed that DUNNELL's eyes were bloodshot and watery. Sergeant McKinley repeated his question and DUNNELL pointed a small flashlight at Sergeant McKinley and stated in slurred speech "Right there."

Sergeant McKinley asked DUNNELL to step out of the vehicle, after an initial refusal DUNNELL complied with the direction. After exiting the vehicle Sergeant McKinley asked DUNNELL if he had any weapons on him, DUNNELL reached into his pocket. Sergeant McKinley then placed DUNNELL in handcuffs for officer safety and conducted a pat down of his outer clothing for weapons. Sergeant McKinley recovered a four inch folding blade knife from his left pocket. Sergeant McKinley was able to discern that there was a smell of alcohol coming from DUNNELL, and asked him if he would be willing to submit to a breathalyzer or other field testing. DUNNELL replied "Are you deaf?" Sergeant McKinley said "I'm not sure what you mean by that, will you take the tests or not?" DUNNELL stated, "Not without my attorney present." Sergeant McKinley informed DUNNELL that he could refuse, however refusal could result in a suspension of his driving privileges, and could be used against him in court. DUNNELL interrupted and stated, "I'm not doing anything without my attorney present."

Sergeant McKinley placed DUNNELL under arrest for driving under the influence of alcohol. DUNNELL was, in fact, driving under the influence of alcohol when he was stopped by Sergeant McKinley on May 14, 2011. Sergeant McKinley informed DUNNELL what he was under arrest for and as he had already expressed interest in seeking counsel did not question him further. DUNNELL did make several spontaneous utterances, "I'm not that bad." and "I thought I was driving under the influence of stupidity."

Prosecution in the Eastern District of Washington for this offense shall be continued until August 28, 2014, and thereafter dismissed with prejudice, provided the Defendant abides by the conditions and requirements herein outlined.

## ACCEPTANCE OF PRE-TRIAL DIVERSION AND STIPULATION OF FACTS

The Defendant hereby:

1. Accepts and agrees to pursue and complete the terms and conditions of this Pre-Trial Diversion Agreement ("Agreement");

2. Understands that if he fails or neglects to comply with any part of the terms and conditions of the Agreement, then the Court will hold a hearing to determine whether judgment should be entered on the charges of Operating a vehicle while under the influence of alcohol in violation of 38 C.F.R. § 1.218(b)(15). After the hearing, the Court will either order that he continue with the conditions of his pre-trial diversion, order additional conditions, or be removed from pre-trial diversion and enter judgment on the charges of Operating a vehicle while under the influence of alcohol in violation of 38 C.F.R. § 1.218(b)(15).

3. Agrees that if the Court revokes the order granting this pre-trial diversion, the facts from the Factual Background above and any written officer reports and any attachment thereto will be admissible as evidence to be used to support a finding of guilt when the Court enters judgment. He understands that by agreeing to this process, he is giving up certain Constitutional rights. He specifically acknowledges that he is giving up the right to a trial, the right to testify or not to testify, the right to question witnesses, the right to call witnesses in his own behalf, and the right to present evidence or a defense;

4. Understands that he is entitled to a trial that would determine whether the United States could prove him guilty of the instant charge beyond a

1 reasonable doubt.  He does hereby, voluntarily and with knowledge of the above rights, waive his right to a trial of this case by the Court pursuant to paragraph three (3) above;

5. Agrees to report any potential violation of the conditions listed below to the United States Attorney's Office for the Eastern District of Washington through the Federal Defenders of Eastern Washington and Idaho within one (1) business day.

**CONDITIONS OF UNSUPERVISED PRE-TRIAL DIVERSION**

The Defendant must abide by the following conditions and requirements:

1. Defendant shall pay a forfeiture in the amount of $1000 on or before August 1, 2014.

2. Defendant shall provide the United States Attorney's Office of the Eastern District of Washington a summary verifying that half of the forfeiture has been paid as of August 1, 2013.

3. Defendant shall provide the United States Attorney's Office of the Eastern District of Washington written documentation verifying the ~~Central Violations Bureau~~'s receipt of the $1000 forfeiture by August 1, 2014.

   *[handwritten margin note: Clerk's Office 7/1/25]*

4. Defendant shall complete one hundred (100) hours of verifiable community service by August 1, 2014.  Defendant shall complete these community service hours at a 501(c)(3) organization with which neither he nor his immediate family has any past or current affiliation.

5. Defendant shall provide the United States Attorney's Office of the Eastern District of Washington written documentation verifying that half of the community service hours (50) has been completed as of August 1, 2013.

6. Defendant shall provide written documentation verifying his completion of the community service hours.  Written documentation must be sent to the United States Attorney's Office for the Eastern

Pre-Trial Diversion Agreement - 5

District of Washington within thirty (30) days of completion. This documentation must include the name, address, and telephone number of the organization, along with a daily log of recorded hours signed by a representative or agent of the organization.

7. Defendant shall complete an alcohol assessment at his own cost at a licensed alcohol treatment institution no later than October 30, 2012. The Defendant shall fully comply with any treatment program and all requirements set for him by the licensed alcohol treatment institution.

8. The Defendant shall provide documentation from licensed alcohol treatment institution to the United States Attorney's Office for the Eastern District of Washington no later then November 15, 2012 verifying the status of his treatment.

9. Defendant shall not violate, be charged with, or be convicted of any criminal violations under federal, state, or local law on or before August 28, 2014.

If the Defendant complies with all the obligations mentioned above, no prosecution for the offense set out in the Factual Background section of this Agreement will be instituted in the Eastern District of Washington, and the charges will be dismissed with prejudice on August 28, 2014. Should there be a violation of the terms of this Agreement, however, and the Agreement is revoked, a conviction for the charged offense may be imposed pursuant to the procedures outlined herein. If a conviction occurs, the Defendant understands he will be subject to a sentencing which may include up to six months imprisonment and/or a $5000 fine. The Defendant will not be supervised by the United States Probation Office during the period of diversion.

## ADVICE AND ACKNOWLEDGMENT OF DEFENDANT'S RIGHTS

I, BRIAN DUNNELL, understand and acknowledge I have the following rights:

1. The right to a speedy and public trial in the place where the crime is alleged to have been committed;
2. The right at trial to question witnesses who testify against me;
3. The right at trial to call witnesses to testify for me;
4. The right to present evidence and a defense;
5. The right to appeal a judgment of guilt.

By entering into this Agreement I understand that I am knowingly, intelligently, and voluntarily, waiving these rights. I further understand that by continuing these charges until August 28, 2014, I am agreeing to follow the procedures outlined in this Agreement.

I, BRIAN DUNNELL, hereby state that I have read this document in its entirety. I understand the conditions of my pre-trial diversion and agree that I will comply with those conditions.

_____  8-28-12
BRIAN DUNNELL                    Date
Defendant

_____  8/28/12
Amy Rubin                        Date
Attorney for Defendant

Pre-Trial Diversion Agreement - 7

_(signature)_                            9-28-12

Tyler H.L. Tornabene            Date
Assistant United States Attorney

_(signature)_                            8/28/2012

Matthew Reiner                 Date
Petty Offense Legal Intern

Pre-Trial Diversion Agreement - 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 28 2012

JAMES R. LARSEN
SPOKANE, WASHINGTON  DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br>   Plaintiff,  <br>vs.  <br>BRIAN DUNNELL,  <br>   Defendant. | Case No. PO-11-005-CI  <br>~~PROPOSED~~  <br>PRE-TRIAL DIVERSION AGREEMENT |

Upon consideration of the parties' Pre-Trial Diversion Agreement, and being fully advised of the facts and circumstances of this case, the Court finds the Defendant has agreed to comply with the terms and conditions of the Pre-Trial Diversion Agreement; that the Court finds the Defendant has acknowledged the admissibility of the stipulated facts in any criminal hearing on the underlying offense or offenses held subsequent to revocation of the order granting pre-trial diversion; that the Defendant's statements were made knowingly and voluntarily; and that the Defendant has knowingly and intelligently waived his Constitutional and statutory rights to a speedy trial, to question those witnesses against him, to call witnesses on his behalf, and to present evidence or a defense at trial.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Defendant is accepted for pre-trial diversion;
2. The Defendant shall comply with all the terms and conditions as set forth in the Pre-Trial Diversion Agreement;

Pre-Trial Diversion Agreement - 9

3. If the Court finds that the Defendant violated any term of the Pre-trial diversion Agreement, the Court shall enter judgment pursuant to the procedures outlines in the agreement.

4. The Defendant shall not be supervised by the United States Probation Office during the diversion period.

_____   08-28-2012
HON. Cynthia Imbrogno                Date
United States Magistrate Judge

Pre-Trial Diversion Agreement - 10